480 So.2d 428 (1985)
Joseph CATALANO
v.
GSB THEATRES OF CHALMETTE, INC.
No. CA-3662.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
*429 A. Morgan Brian, Jr., Fawer, Brian, Hardy & Zatzkis, New Orleans, for appellant.
Dennis P. Couvillion, Law Offices of Eddie L. Sapir, New Orleans, for appellee.
Before SCHOTT, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
The sole issue presented for our review in this case is whether or not Joseph Catalano's cause of action against GSB Theatres of Chalmette, Inc. (GSB) has prescribed.
On March 15, 1982, Catalano slipped and fell in the men's room of a movie theater operated by GSB. The building was owned by C.C. & P., Inc., and leased to GSB. On March 15, 1983, exactly one year later Catalano filed suit against C.C. & P. Inc., the owner. On May 5, 1983, one year and 51 days after the accident, Catalano filed a supplemental petition adding GSB as a party defendant.
GSB filed a peremptory exception of prescription which was overruled by the trial court. The lower court also held GSB liable, and dismissed Catalano's claim against the building owner C.C. & P. Inc.
Only GSB appeals from the lower court's action. They argue that it was error to overrule its plea of prescription. Both parties argue over the correct interpretation of La.C.C.Pro. Article 1153, and the case of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
The facts of Alexandria Mall presented a situation where the plaintiff originally sued an entity described as Alexandria Mall, a Louisiana Corporation, and its insurer. Although the general manager of the mall was served, a declinatory exception of insufficiency of service was filed urging that the mall was owned by a partnership. Subsequently (and after one year elapsed) plaintiffs named the partnership as a defendant, and served one of the partners. The lower court upheld the exception of prescription, but the Supreme Court reversed applying La.C.C.Pro. Article 1153.[1] In so doing, the Court set forth the following criteria for determining whether Article 1153 allows an amendment changing the identity of a party to relate back to the original filing date:
"(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that *430 but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed." Id. at 1087.
We hold that the exception of prescription in the instant case should be maintained for at least two reasons.
First, GSB is not a substitute defendant, but an added defendant. Unlike Alexandria Mall this is not a situation where there was a mistaken identity as to the correct defendant. We interpret Alexandria Mall in much the same way as our brethern of the Second Circuit in Lowe v. Rivers, 448 So.2d 848 (La.App. 2nd Cir. 1984) wherein they maintained an exception of prescription where a totally new defendant was added.
Although it can be argued that GSB is not totally unrelated to C.C. & P. Inc. because they are owner and tenant, we nevertheless believe that relationship was not sufficient to satisfy criteria four (4) cited above. Catalano still pursued his claim against the original defendant, C.C. & P. Inc. There is no assertion that he sued the "wrong" party.
Also, it is our opinion that criteria two was not satisfied. It is undisputed that GSB did not receive notice of the filing of the suit against C.C. & P. Inc. until April 11, 1983, one month after prescription. However Catalano argues that a prior notice of claim or demand letter directed to GSB is sufficient to satisfy the notice requirement. We disagree.
Civil C.Pro. Article 421 defines a civil action and provides that "[i]t is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." We are of the opinion that when our Supreme Court stated that the substitute defendant "... must have received notice of the institution of the action...." they meant notice of the filing of a suit within the prescription period. Any other interpertation would lead to the absurd result wherein demand letters sent to every conceivable defendant would allow a plaintiff to add any of those defendants after the prescriptive period had run (provided, of course, the other criteria would have been met). This would defeat the purpose of prescription statutes which are designed to give a defendant security of mind if no claim is made timely. See, Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.R. 211.
In the alternative, Catalano argues that GSB and C.C. & P. Inc. are joint obligors, liable in solido, and thus the timely suit against one interrupted prescription as to the other. That is a correct statement of law, however it is inapplicable to the instant case because the trial court has already found no liability on the part of C.C. & P. Inc. That portion of the judgment is final, no appeal having been taken. Therefore, there can be no solidary liability, and hence, no interruption of prescription.
Accordingly, for the above and foregoing reasons the judgment of the trial court is reversed, and GSB's exception of prescription is maintained.
REVERSED AND RENDERED.
NOTES
[1] La.C.C.Pro. Article 1153 provides:

"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."