559 So.2d 919 (1990)
Mark R. HEIMANN
v.
GENERAL CINEMA CORPORATION OF LOUISIANA.
No. 90-C-144.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1990.
*920 Kiefer & Augustin, Raymond P. Augustin, Jr., Metairie, for W.H. Cobb and Lakeside Amusement, Inc., relators.
Domengeaux & Wright, Charles W. Dittmer, Jr., New Orleans, for Mark R. Heimann, respondent.
Gerald Zackin, Metairie, pro se.
Before CHEHARDY, KLIEBERT and GOTHARD, JJ.
CHEHARDY, Chief Judge.
In this application for writs, the relators seek reversal of a judgment that overruled their peremptory exception of prescription. The plaintiff named the wrong defendant in his original petition; his amended petition naming the correct defendants was not filed until more than six months after the prescription date had passed. Based on this and on their lack of connexity with the original defendant, the relators assert the claim against them has prescribed. We grant writs and reverse the judgment for the following reasons.
The specific facts are as follows:
Mark Heimann slipped and fell in Lakeside Theatre No. 2 in Metairie, Louisiana, on June 14, 1987. He retained counsel, who wrote a claim letter on his behalf to "Lakeside Theatres" in November 1987. His counsel was contacted by and then conducted correspondence with New Orleans Rosenbush Claims Service regarding the claim. In the Claims Service's letters to Heimann's first attorney, sent in December 1987 and January 1988, their insured was identified as "Lakeside Amusement."
The plaintiff dismissed his original counsel in May 1988 and retained new counsel, who filed suit on his behalf on June 9, 1988, naming General Cinema Corporation of Louisiana as the defendant and alleging General Cinema owned the theatre in which the plaintiff fell. Plaintiff's first attorney filed an intervention in the suit. General Cinema filed a motion for summary judgment, asserting it did not own, operate, manage, lease or in any way control the Lakeside Theatre No. 2.
On January 19, 1989, plaintiff filed an amended petition in which he named W.H. Cobb and Lakeside Amusements, Inc., as defendants in place of General Cinema. In July 1989 plaintiff voluntarily dismissed *921 General Cinema with prejudice. In September 1989 Cobb and Lakeside filed the exception of prescription now before us, asserting they had no solidary liability with General Cinema and are not associated in any way with that defendant.
They relied on the case of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), in which the Supreme Court set forth the following criteria for determining whether an amendment changing the identity of a party can relate back to the original filing date:
"(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed."
Id., at 1087. On December 4, 1989, judgment was rendered overruling the exception. Thereafter defendants sought relief by this writ application.
We find the exception of prescription should have been maintained, because the facts of this case do not meet two of the Ray criteria.
First, it is unchallenged that Cobb and Lakeside are "wholly new" and "unrelated" to General Cinema, the original defendant.
Second, Cobb and Lakeside had no notice of the institution of the actionthat is, the filing of the suitprior to January 19, 1989. The phrase "must have received notice of the institution of the action" means notice of the filing of a suit within the prescription period. Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4 Cir.1985). Simple notice of a claim or a demand letter is not sufficient.
"Any other interpretation would lead to the absurd result wherein demand letters sent to every conceivable defendant would allow a plaintiff to add any of those defendants after the prescriptive period had run (provided, of course, the other criteria would have been met). This would defeat the purpose of prescription statutes which are designed to give a defendant security of mind if no claim is made timely."
Id., at 430. Accordingly, the district court erred in overruling the exception of prescription.
For the foregoing reasons, the judgment of the district court is reversed, the exception of prescription filed by W.H. Cobb and Lakeside Amusements, Inc., is maintained, and plaintiff's suit is dismissed.
WRITS GRANTED; JUDGMENT REVERSED AND RENDERED.