563 So.2d 516 (1990)
Robert E. HERNANDEZ, et al.
v.
PLAQUEMINES PARISH SCHOOL BOARD, et al.
No. 89-CA-1635.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Rehearing Denied July 19, 1990.
*517 Stephen F. Babin, Oster & Wegener, New Orleans, for Robert E. Hernandez, et al.
George Pivach, II, Jay Cossich, Pivach, Cossich & Pivach, Belle Chasse, for The Plaquemines Parish Com'n Council.
Before KLEES, WARD and BECKER, JJ.
*518 WARD, Judge.
Robert E. Hernandez, individually and on behalf of his minor son, and Joy B. Hernandez, his wife, appeal a judgment upholding the Plaquemines Parish Commission Council's peremptory exception of prescription which bars further proceedings in this lawsuit. We affirm.
On November 23, 1985, the son of Mr. and Mrs. Hernandez, Robert Joseph Hernandez, suffered injuries in a fall from spectator bleachers at Belle Chasse High School. Almost one year later, on November 20, 1986 Mr. Hernandez sued the Plaquemines Parish School Board and others, claiming the School Board had the supervision, care and control of various school and "related facilities" in Plaquemines Parish. Mrs. Hernandez sued the same parties in her own capacity.
On December 29, 1986, approximately one year and five weeks after the accident occurred, Mr. and Mrs. Hernandez amended their petition to name the Plaquemine Parish Commission Council as defendants, alleging joint liability with the School Board.
On May 21, 1987, the Commission Council filed the peremptory exception of prescription, arguing further proceedings were barred because suit had not been filed against the Council within the prescriptive periodone year from the date of the accident.
The School Board moved for summary judgment on a showing that on the date of injury the Plaquemines Parish Commission Council, not the School Board, owned, controlled, maintained, and operated the property, and had constructed the bleachers at the school. Mr. and Mrs. Hernandez and the School Board agreed to a consent judgment, dismissing the School Board.
The Trial Court then sustained the Parish Council's exception of prescription, holding that the Council was not solidarily liable with the School Board, and therefore, Mr. and Mrs. Hernandez's suit against the School Board did not interrupt or suspend prescription as to the Parish Council.
Mr. and Mrs. Hernandez contend the Trial Court erred. They assert that even if there is no solidary liability between the two entities that would interrupt prescription by authority of C.C. art. 3503, the suit against the School Board would interrupt prescription as to the Parish Government according to La.C.C.P. art. 1153:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court determined that C.C.P. art. 1153 allows an amendment changing the indentity of the party sued to relate back to the date of the filing of the original petition only if the following criteria are met.
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substituted defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Id. at 1086-87.
In Catalano v. GSB Theaters of Chalmette, Inc., 480 So.2d 428 (La.App. 4 Cir. 1985) when a plaintiff sought through an amended petition to add the tenant GSB as a defendant after the prescription date, this Court upheld an exception of prescription. The original petition filed timely named only the landlord, C.C. & P., Inc. After *519 listing the four Ray v. Alexandria Mall criteria, this Court held:
First, GSB is not a substitute defendant but an added defendant.... Although it can be argued that GSB is not totally unrelated to C.C. & P., Inc. because they are owner and tenant, we nevertheless believe that relationship was not sufficient to satisfy criteria four (4) cited above....
Also it is our opinion that criteria two was not satisfied. It is undisputed that GSB did not receive notice of the filing of the suit ... until ... one month after prescription. 480 So.2d 428, 430.
Mr. and Mrs. Hernandez claim that the Parish Council and the School Board are closely associated since both are governmental entities of Plaquemines Parish. Because of their close association the Parish Council should have been fully informed of the suit, and when the School Board was notified, the Parish Council was also notified. There is no proof or evidence whatsoever to support the allegations that the Parish Council was either informed of the suit or should have been informed, or that the Parish Council received notice of the filing of suit within the prescriptive period. The trial court obviously was not convinced of the connexity, and we are not convinced the trial court finding was manifestly erroneous. Because on the face of the pleadings prescription has run, Mr. and Mrs. Hernandez bear the burden of proving it has not. Based on the record, they have not carried their burden to prove an exception to prescription created by Ray v. Alexandria Mall, supra. This first assignment is meritless.
Mr. Hernandez also contends the Trial Court erred because he and his son were protected by § 525 of the Soldiers and Sailors Civil Relief Act (50 U.S.C.S. Appx. § 525):
The period of military service shall not be included in computing any period not or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agencies of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have occurred prior to or during the period of such service.
Louisiana cases discussing § 525 of the Soldiers and Sailors Act are few. In Zatarain v. Portera, 63 So.2d 477 (La.App.Orl. 1953); Trew v. Standard Supply & Hardware Co., Inc., 33 So.2d 426 (La.App.Orl. 1947) and Harris v. Stem, 30 So.2d 889 (La.App.Orl.1947), this Court held military service which required absence from the jurisdiction suspended the running of prescription during the period of active duty overseas during World War II. Unlike the plaintiffs in those cases, who showed they were absent from Louisiana as a result of military service, Mr. Hernandez was stationed in Louisiana at Alvin Callendar field from the time of his son's accident until the running of prescription.
The Parish Council argues the applicable section of the Act is 50 U.S.C. Appx. 521. The Council emphasizes that part which gives the Trial Court discretion to stay proceedings depending upon whether a party's service in the armed forces materially affects the proceedings.
We agree with the Trial Court. Section 521 is not applicable because that section refers to suits that are in progress, while Section 525, is applicable to causes of action which have not been acted upon by servicemen or women, the very situation here. Trew, supra.
Nonetheless, Section 525, presupposes a required absence from the jurisdiction or interference by reason of military service, and assumes an absence or interference that prevents or impairs access to the Courts. In Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943) while considering the applicability of § 521, the Supreme Court noted:
The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion *520 that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use. 319 U.S. at 575, 63 S.Ct. at 1231.
Although Boone, supra, considered only § 525 and not § 521 of the Act, the case implies that a mere showing of military service is not sufficient to invoke the protections afforded by the Act. Instead there must be some showing of prejudice or impediment to a service man or woman's ability to bring a cause of action occasioned by constraint of military service.
More directly appropriate to this case is N.B. Pannell, Jr., et al v. Continental Can Company, Inc., 554 F.2d 216 (1977). In a suit for ejectment where plaintiffs-appellants claimed title, the Court noted:
Appellants contend that as a matter of law no one could hold adversely to Colonel N.B. Pannell, Jr., one of the plaintiffs, during the period from September 8, 1942 to October 10, 1973, during which period he was in service in the U.S. Army. There is no evidence that Colonel Pannell was in any way handicapped by military service. Any handicap would have to be presumed. His service extended over thirty-one years and was certainly voluntary in, at least large part, reaching far beyond the years of compulsory military service. He spent almost half of his post-World Ward II career service on duty in the United States. At retirement he held a master's degree earned while assigned to R.O.T.C. duty in Indiana in 1966.
We are of the opinion that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525 is inapplicable to a career service man like Colonel Pannell. He is not shown to have been handicapped by his military service from asserting any claim he had prior to the expiration of the prescribed period. Thus the prescriptive period was not tolled as to him.
554 F.2d at 224.
In this case Hernandez has neither alleged nor shown how his military service prejudiced his ability to pursue his cause of action. He obtained an attorney and filed suit. He had access to the Courts. By his own admission he simply "sued the wrong party."
Moreover, even if Mr. Hernandez is excused from bringing suit by applicability of § 525, he is barred from bringing suit in his representative capacity for his son's damages. Although Mr. Hernandez relies on Mitchell v. Phillips, 58 P.D. & C. 314 (Pa.Commw. pl. 1978) and Stutz v. Guardian Cab Corp., 273 A.D. 4, 74 N.Y.S.2d 818 (N.Y.App.Div.1947) for his argument that § 525 suspends liberative prescription as to a serviceman acting in a representative capacity such as executor, administrator or guardian, in those cases the plaintiff as a representative was the only person capable of representing the injured party. In this case Mr. Hernandez was not the only person able to represent his son's interest. Mrs. Hernandez could have timely instituted proceedings on the minor's behalf. La.C.C.P. art. 4502.
Mr. Hernandez also contends that the statute of limitations does not apply to claims of the United States Government for medical services rendered under the Medical Care Recovery Act, 42 U.S.C. § 2651. Mr. Hernandez suggests that a three-year prescriptive period applies. The Medical Care Recovery Act gives the United States, not Mr. Hernandez, a right to recover against a tortfeasor the reasonable value of medical treatment furnished to injured parties to whom it is required, by law, to render medical care. That act is not applicable to Mr. Hernandez's claim.
For the foregoing reasons, we affirm the judgment of the Trial Court sustaining the Parish Council's exception of prescription.
AFFIRMED