696 So.2d 264 (1997)
Rosemary SANDERS
v.
SCHWEGMANN SUPERMARKETS d/b/a The Real Superstore.
No. 96-C-0849.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1997.
*265 Gregory P. DiLeo and Michael D. Meyer, New Orleans, for National Tea Company/Relator.
Curklin Atkins, Maurice A. Williams, Catrice A. Johnson, New Orleans, for Rosemary Sanders/Respondent.
Before BARRY, KLEES, CIACCIO, ARMSTRONG and LANDRIEU, JJ.
BARRY, Judge.
Rosemary Sanders slipped and fell in The Real Superstore at 5700 Crowder Blvd. on August 28, 1994. In her original petition for damages filed August 28, 1995 she named Schwegmann Supermarkets d/b/a The Real Superstore as the only defendant. Schwegmann Giant Supermarkets, Inc. [Schwegmann] was not served until September 15, 1995 and it filed a motion for summary judgment on September 22, 1995. Schwegmann attached to its motion the June 12, 1995 sworn affidavit of John Schwegmann giving his power of attorney to C.T. Williams, Jr., to purchase only the assets of The Real Superstore, National-Canal Villere Supermarkets, and That Stanley Supermarkets and not the liabilities. Also attached was the August 4, 1995 affidavit of C.T. Williams, who stated that Schwegmann purchased the assets only and was not responsible for the liabilities of the purchased stores. Sanders dismissed Schwegmann without prejudice on January 19, 1996.
Sanders filed a first amending petition on October 17, 1995 and named as defendants The Real Superstore, National Canal Villere Supermarkets, That Stanley Supermarkets, *266 and XYZ Insurance Company.[1] That first amending petition was served on National-Canal Villere's agent on December 12, 1995. National Tea Company filed an exception of prescription and argued that the amended petition did not relate back pursuant to La. C.C.P. art. 1153. In opposition Sanders argued that National Tea Company received notice and was not prejudiced. She attached: November 14, 1994 letters to the manager of The Real Superstore and to Ronnie Landry of F.A. Richards and Associates, Inc. notifying them of Sanders' slip and fall; a January 31, 1995 letter to Landry stating that Sanders was still undergoing treatment; and an August 7, 1995 FAX from Richards and Associates to Sanders' counsel acknowledging the November 14, 1994 letter and requesting Sanders' current condition. The trial court overruled the exception and National Tea Company sought supervisory review.
In writ no. 96-C-0849 this Court granted the writ, reversed the trial court, and maintained the prescription exception. The Louisiana Supreme Court granted certiorari and remanded the matter to this Court for briefing, oral argument, and an opinion. Neither side filed a supplemental brief.
La. C.C.P. art. 1153 permits an amendment to relate back to the filing of the original petition when "the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La. 1983), the Supreme Court established the following criteria to determine whether art. 1153 allows an amendment which changes the identity of the party or parties to be sued to relate back to the date of the filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The article does not authorize the addition of a new defendant as an "amendment" which would relate back to the filing of the original petition because such a defendant did not receive notice of the action from the original petition. Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984); McClendon v. Security Insurance Company of Hartford, 340 So.2d 426 (La.App. 4th Cir.1976). If an amendment is to relate back, a plaintiff cannot sue a new and unrelated defendant. The original and the new defendant must have an identity of interest which depends on the closeness of the relationship between the parties in their business operations. An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers. Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). The relationship must be such that there is an inference of notice. Hardy v. A + Rental Incorporated, 95-2176 (La.App. 4 Cir. 5/8/96), 674 So.2d 1155, writ denied 96-1945 (La.11/1/96), 681 So.2d 1268. See also Buffinet v. Plaquemines Parish Commission Council, 93-0840 (La.App. 4 Cir. 7/27/94), 645 So.2d 631, writs denied 95-100, 105, 109 (La.3/17/95), 651 So.2d 269, 270.
Under the second criterion of Ray v. Alexandria Mall, 434 So.2d at 1083, the substitute defendant must have received notice of the filing of the action. This Court has held that a notice of claim or a demand letter directed to the substitute defendant is not sufficient to satisfy the notice requirement.
*267 Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4th Cir.1985). This Court held:
We are of the opinion that when our Supreme Court stated that the substitute defendant "... must have received notice of the institution of the action ...." they meant notice of the filing of a suit within the prescriptive period. Any other interpertation [sic] would lead to the absurd result wherein demand letters sent to every conceivable defendant would allow a plaintiff to add any of those defendants after the prescriptive period had run (provided, of course, the other criteria would have been met). This would defeat the purpose of prescription statutes which are designed to give a defendant security of mind if no claim is made timely.
Id. at 430. See also Compeaux v. Plaisance Inspection & Enterprises, Inc., 93-1165 (La. App. 1 Cir. 6/24/94), 639 So.2d 434; Heimann v. General Cinema Corporation of Louisiana, 559 So.2d 919 (La.App. 5th Cir.1990).
In Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2d Cir.1990), writ not considered, 576 So.2d 23 (La.1991), the plaintiff sued Shreveport Associates as the owner of a shopping center. After the prescriptive period the plaintiff amended the petition to substitute the proper owner, Shreveport Associates Limited Partnership [SALP], an unrelated legal entity. The Second Circuit noted that the purpose of the amendment was not to correct a misnomer, but to add a wholly different defendant and affirmed the judgment maintaining SALP's prescription exception. In Newton v. Ouachita Parish School Board, 624 So.2d 44 (La.App. 2d Cir.1993), a plaintiff filed suit against the wrong school board, then amended the petition after the one year prescriptive period to name the correct school board. The Second Circuit reversed the judgment overruling the substituted school board's prescription exception: "Pretermitting a discussion of whether the first three prongs of Ray could be met in this case, it is clear that the purpose of the plaintiff's amendment was not merely to correct a misnomer, but to name a wholly new defendant." Id. at 45.
Sanders argues that her first amending petition related to the same cause of action or occurrence, notice was received by National Tea Company (which knew that she was injured on August 28, 1994), and no wholly new or unrelated defendant was added. National Tea Company counters that it was not named a defendant in the action within the one year prescriptive period, National and Schwegmann had no relationship other than that of buyer and seller, and they had been competitors prior to the sale.
The agent for National-Canal Villere was not served with the first amending petition until December, 12, 1995, months after the one year prescriptive period had run. Schwegmann was not served with the original petition until September 15, 1995, weeks after the one year prescriptive period. No defendant was served with notice of the action within the prescriptive period. There is no indication that National Tea Company had knowledge of the suit prior to receipt of the first amending petition.
Schwegmann and National Tea Company had no business relationship. They were separate legal entities with separate ownership and management. They were competitors until Schwegmann bought the assets of The Real Superstore, National-Canal Villere Supermarkets, and That Stanley Supermarkets. No relationship can be inferred. There is no identity of interest between Schwegmann and National Tea Company. National Tea Company [actually National-Canal Villere Supermarkets was the named defendant] was a new and unrelated defendant.
The criteria of Ray v. Alexandria Mall, 434 So.2d at 1087, has not been met. Sanders' first amending petition did not relate back to the date of the filing of the original petition.
The trial court erred by overruling National Tea Company's exception of prescription. The judgment is reversed and the exception of prescription is maintained.
REVERSED.
ARMSTRONG, J., concurs
*268 ARMSTRONG, Judge, concurring.
I respectfully concur. Under the peculiar facts of this case, I do not believe that National Tea Company necessarily was a wholly new or unrelated defendant. However, I agree that, in order for the amended petition to relate back, National would have had to have received notice of the filing of suit prior to the expiration of the prescriptive period. Ray, the only case cited in the majority's original (7-22-96) opinion does not so state. But, the Catalano decision, cited in the majority's present opinion, expressly states that the new defendant must have received notice of the filing of suit within the prescriptive period.
NOTES
[1] National Tea Company notes that those three defendants were trade names, not legal entities. National Tea Company filed its exception of prescription in its corporate capacity as the operator of the store at the time of Sanders' accident.