753 So.2d 254 (1998)
Arthur LAYMAN
v.
The CITY OF NEW ORLEANS, Through The NEW ORLEANS CONVENTION, et al.
No. 98-CA-0705.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1998.
*255 Nelson W. Wagar, III, Christa K. McKimmy, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, Metairie, for Defendant-Appellee.
Matthew B. Collins, Jr., Dianne J. Marshall, New Orleans, for Plaintiff-Appellant.
Before BYRNES, PLOTKIN and MURRAY, JJ.
BYRNES, Judge.
The plaintiff-appellant, Arthur Layman, alleges that he was injured by a falling partition while working at the New Orleans Convention Center on February 13, 1992. The partition had been installed by the defendant-appellee, Hufcor.
Layman filed this suit on December 24, 1992, naming the City of New Orleans, the New Orleans Convention Center, and Hart Co. as defendants. On April 15, 1996, plaintiff filed a "First Amending Petition Before Answer Served." This amending petition deleted Hart Co. as a party defendant and substituted Hufcor. No party was served with the original petition prior to the filing of the amended petition.
*256 Hufcor filed an exception of prescription which was granted by the trial court. Layman appeals.
As the claim against Hufcor was not asserted until after the expiration of the one year prescriptive period, the burden is on the plaintiff to prove that prescription did not run. Lima v. Schmidt, 595 So.2d 624 (La.1992).
If we accept the allegations of Layman's original petition at face value, then Hufcor would be a joint tortfeasor with the City and the Convention Center, and, therefore, solidarily liable with them for Layman's damages. The filing of suit against one solidary obligor interrupts prescription as to all solidary obligors. LSA-C.C. art. 1799 and 3503.
Hufcor points out that Layman failed to make any allegations of solidary liability in his pleadings. However, he is not required to specifically use the term "solidarily liable" in his pleadings. He need only plead the facts upon which a finding of solidary liability would be based, i.e., it is sufficient that Layman pled facts that would, if proven, cause the named defendants to be considered joint tortfeasors and, therefore, solidarily liable.
Consequently, this Court must determine whether suit was timely filed against any party potentially solidarily liable with Hufcor, thereby interrupting prescription as to Hufcor.
We find no solidary relationship existing between Hart Co. and Hufcor. Hart was dismissed in the same amended petition that sought to add Hufcor to these proceedings. In his brief Layman asserts that:
Hufcor knew or should have known that but for a mistake in transcription that the action would have been brought against Hufcor and Hufcor is the same defendant originally listed but for a transcription error.
Layman both by his actions in removing Hart from his suit and by his words just quoted from his brief acknowledges that Hart Co. cannot serve as a vehicle for solidary liability and the interruption of prescription.
The district court took judicial notice of the fact that the City of New Orleans does not own the Convention Center. The plaintiff does not raise this finding as an assignment of error, not does he contest it in his brief. We, therefore, find that the plaintiff has abandoned this issue. Uniform RulesCourts of Appeal, Rule 2-12.4. As there are no allegations of independent negligence against the City (plaintiff admits in his deposition testimony that he worked "directly for the New Orleans Convention Center"), we find that there is no potential liability on the part of the City. Accordingly, the naming of the City did not interrupt prescription against Hufcor as there is no possibility of solidary liability.
At the time plaintiff amended his petition he also added the XYZ Insurance Company (Hufcor's alleged insurer) as an additional defendant. However, as he did not add the XYZ Insurance Company as a party defendant until several years after the running of the prescriptive period, even the existence of a solidary relationship with the XYZ Insurance Company would not be enough to interrupt prescription on a timely basis against Hufcor.
The only other party is the Convention Center. The Convention Center is the acknowledged employer of the plaintiff. Layman sued only for negligence damages. He did not sue for worker's compensation benefits. Hufcor concedes that a claim against an employer for compensation benefits is solidary with the employee's claim against third party tortfeasors. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993). But Hufcor argues that an employee has no cause of action against an immune employer for negligence. LSA-R.S. 23:1032; Leflore v. Coburn, 95-0690, p. 18 (La.App. 4 Cir. 12/28/95); 665 So.2d 1323, writs *257 denied 96-0411, 96-0453 (La.3/29/96); 670 So.2d 1234; Holmes v. Pottharst, 438 So.2d 622, 624 (La.App. 4 Cir.1983), writ denied 447 So.2d 1076 (La.1984); Tomasich v. U.S. Fidelity & Guar. Co., 415 So.2d 1002 (La.App. 4 Cir.1982), writ denied 420 So.2d 446 (La.1982); Green v. Turner, 437 So.2d 956, 959 (La.App. 2 Cir.1983). Therefore, Layman's suit which asserts no compensation claim against the Convention Center fails to state a cause of action for negligence against the Convention Center.[1] Accordingly, plaintiff's suit asserts no claim against the Convention Center upon which a solidary relationship with Hufcor can be based. We conclude that the naming of the Convention Center as a defendant does not interrupt prescription as to Hufcor.
Plaintiff-appellant also contends that the substitution of Hufcor as a party defendant should be allowed to relate back to the filing of the original petition under Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La.1985) and LSA-C.C.P. art. 1153.
Giroir was limited to a holding that an amended petition adding an additional party plaintiff after the expiration of the prescriptive period would be allowed under LSA-C.C.P. art. 1153 to relate back to the timely filing of the original petition where the amendment satisfied the following four criteria:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
Giroir, at 1044.
Where these criteria are met the Giroir court reasoned[2] that "no essential protective purpose of the prescriptive statute is violated by permitting relation back of the post prescription amendment based on the same factual situation pleaded in the original timely petition," because:
The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.
Giroir, at 1045.
Giroir involved an attempt to add an additional plaintiff after the prescriptive period had run. However, the objecting defendant was already a party to the litigation prior to the running of prescription and presumably was already preparing a defense and preserving evidence related to the transaction or occurrence involving the additional plaintiff, thereby reducing the potential for prejudice.
Where the amendment seeks to add a new defendant, such as Hufcor in the instant case, after the running of the prescriptive period, it must be shown that the new defendant had "notice of the institution of the action." Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); Sanders v. Schwegmann Supermarkets, 96-0849, p. 3 (La.App. 4 Cir. 6/4/97); 696 So.2d 264, 266. There was no notice to Hufcor of the filing of the action in this case. If the amendment is to relate back, a plaintiff cannot sue a new and unrelated defendant. Sanders, p. 3, 696 So.2d at 266. Layman does not contend that there is any relationship between Hufcor and any of the originally *258 named defendants, e.g., there is no allegation that Hufcor is the parent or subsidiary or alter ego of any of the originally named defendants. There is no reason to believe that Hufcor was preparing a defense or preserving evidence in connection with a tort claim that had long since prescribed. There is no reason why the public policy considerations behind the prescriptive statutes should not apply to the benefit of Hufcor.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., dissents with reasons.
MURRAY, J., dissenting with reasons:
I agree with the majority's determination that the plaintiff's claim against Hufcor is prescribed unless there is a solidary relationship between that defendant and the Convention Center. However, I must respectfully disagree with the conclusion that this suit is in the proper procedural posture for dismissal on that basis.
As noted on the second page of the opinion, Louisiana procedural law requires only that a petition include sufficient factual allegations to support a plaintiffs claim, without necessarily using particular "magic words" or specific legal terminology. Despite this acknowledgement, the majority decides at page four that because Mr. Layman's petition does not state that he is suing the Convention Center for workers' compensation, and because the Center is the plaintiffs employer, Hufcor cannot be solidarily liable with the Convention Center. Stated differently, the majority concludes that the timely-filed Convention Center could 'be¡ dismissed on an exception of no cause of action, which would nullify its solidary relationship, established under Williams v. Sewerage & Water Bd., 611 So.2d 1383, with Hufcor, which in turn deprives Mr. Layman of the interruptive effect of Civil Code articles 1799 and 3503.
While I find this rationale appealing, I cannot accept it here in face of the unambiguous provision in Article 931 of the Code of Civil Procedure that "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." The petition filed in this case asserts that Mr. Layman's February 1992 injuries were "caused by the negligence and other legal faults" of the three named defendants and that he "requests reasonable compensation for all injuries, losses and damages that are allowed pursuant to law." Liberally construed, this pleading must be read as a legal demand for any and all compensation due, whether in tort or otherwise. See, e.g., Parker v. Southern American Ins. Co., 590 So.2d 55, 56 (La.1991). Furthermore, neither the petition nor Hufcor's answer makes mention of the Convention Center's status as plaintiffs employer, much less whether Mr. Layman is or is not entitled to (further) workers' compensation benefits. Indeed, these assertions are found only in Hufcor's supporting memorandum, which is not a pleading under C.C.P. art. 852. Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865.
For these reasons, I must find that Mr. Layman's petition states a cause of action against the Convention Center, which was sued timely and is alleged to be a solidary obligor with Hufcor. As was held in Williams, supra at 1388, "the sources of the obligors' debts are irrelevant so long as they are both obligated to ... repair the same damage," which is all that has been alleged in this case. Unless and until the record establishes that the Convention Center bears no legal liability to repair Mr. Layman's damages, Hufcor's exception of prescription must be overruled. Cf. Spott v. Otis Elevator Co., 601 So.2d 1355, 1359-61 (La.1992) (treating the interactive effect of venue and prescription when solidarity is alleged but not later proven).
NOTES
[1] This Court may notice the failure to state a cause of action on its own motion for the first time on appeal. LSA-C.C.P. art. 927B.
[2] 475 So.2d at 1045.