882 So.2d 628 (2004)
Ethel MELERINE
v.
AMERICAN MULTI-CINEMA, INC. and ABC Insurance Company.
No. 04-CA-292.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 2004.
*629 Glenn E. Diaz, Carlos Zelaya, II, Chalmette, LA, for Appellant.
Thomas G. Buck, Metairie, LA, for Appellees.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Plaintiff, Ethel Melerine (Melerine), appeals from the trial court ruling in favor of the Defendants, Gulf States Theaters and Charter Oak Fire Insurance Company (Gulf States), granting their exception of prescription and dismissing her case. For the reasons which follow, we affirm.
On September 2, 2001, Melerine was a patron of the Palace Theater-Clearview, attending a movie. As she was entering the seating row of the theater, she fell and sustained an injury. On August 29, 2002, Melerine filed suit against the owner of the theater at the time suit was filed, American Multi-Cinema, Inc (AMC). However, AMC had purchased the theater on March 9, 2002, after her fall. AMC notified Melerine that it was not the owner of the theater at the time of her fall. On October 10, 2002, Melerine amended her petition to add Gulf States and its insurer as Defendants. On January 9, 2003, Gulf States filed an Exception of Prescription, Answer and Jury Trial Request. On March 7, 2003, AMC filed a motion for summary judgment which was granted on April 24, 2003, dismissing AMC from the suit. On October 9, 2003, Gulf States filed a second *630 exception of prescription.[1] Following a hearing on the exception, the trial court rendered judgment on December 9, 2003, granting the exception of prescription in favor of Gulf States and dismissing Melerine's case with prejudice. It is from this judgment that Melerine appeals.
It is well settled that when the petition itself evidences the fact that the action is prescribed, that is, the claim is prescribed on its face, the plaintiff bears the burden of showing why prescription has not run. Drake v. Sarpy Properties, 01-1323 (La.App. 5th Cir.4/10/02), 817 So.2d 209; Sperandeo v. Sydran Food Services, II, L.P., 01-0675 (La.App. 5th Cir.12/12/01), 806 So.2d 724.
Melerine herein argues that prescription has not run because the amending petition, filed after the prescriptive period had run, naming Gulf States as a Defendant, relates back to the timely filing of the original petition.
La. C.C.P. art. 1153 permits an amendment to relate back to the filing of the original petition when "the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983), the Supreme Court established the following criteria to determine whether Article 1153 allows an amendment which changes the identity of the party or parties to be sued to relate back to the date of the filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The article does not authorize the addition of a new or unrelated defendant as an "amendment" which would relate back to the filing of the original petition when such a defendant did not receive notice of the action from the original petition. Sanders v. Schwegmann Supermarkets, 96-0849 (La.App. 4th Cir.6/4/97), 696 So.2d 264; Lowe v. Rivers, 448 So.2d 848 (La.App. 2nd Cir.1984). If an amendment is to relate back, a plaintiff cannot sue a new and unrelated defendant. The original and the new defendant must have an identity of interest. An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers. Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). The relationship must be such that there is an inference of notice. Hardy v. A+ Rental Incorporated, 95-2176 (La.App. 4th Cir.5/8/96), 674 So.2d 1155, writ denied, 96-1945 (La.11/1/96), 681 So.2d 1268. See also Buffinet v. Plaquemines Parish Commission Council, 93-0840 (La.App. 4th Cir.7/27/94), 645 So.2d 631, writs denied 95-100, 105, 109 (La.3/17/95), 651 So.2d 269, 270.
After reviewing the entire record in this case, it is clear that Melerine has not met *631 her burden of proving that her case against Gulf States is not prescribed because she has not established that this case came within the Ray v. Alexandria Mall criteria for relation back of the amended petition. Gulf States, sought to be added by amended petition after the prescriptive period had run, is wholly unrelated to the original named Defendant, AMC. As evidenced by the record the two companies are separate corporate entities with no joint ownership. Further, Melerine has made no showing that Gulf States was in any way notified of the filing of the lawsuit prior to service of the amended petition after the prescriptive period had run. Gulf States established by affidavit that it had no notice of the filing of the suit until after the prescriptive period had run.
While we agree with Melerine that we do not readily see any prejudice suffered by Gulf States, that is not the sole inquiry. There are four parts to the Ray v. Alexandria Mall criteria which have simply not been met.
Gulf States cites and relies on the case of Sanders v. Schwegmann Supermarkets, 96-0849 (La.App. 4th Cir.6/4/07), 696 So.2d 264, in support of its exception. In Sanders, the plaintiff slipped and fell in the grocery store. She filed an amended petition to substitute the current owner of the store with the owner of the store at the time of her fall, after the prescriptive period had run. In granting the prescription exception, the court noted that the two companies were separate legal entities with no connection other than the purchase and sale of the grocery store. Moreover, there was no evidence that the substitute defendant had knowledge or notice of the suit prior to the running of the prescriptive period. We find Sanders to be on point. Just as in Sanders, Gulf States had no notice of the suit until after the prescriptive period had run and was a completely separate legal entity from the original defendant, which was dismissed on summary judgment.
Based on the foregoing, we find no error in the trial court ruling granting Gulf States' exception of prescription and dismissing Melerine's claims with prejudice and we affirm that judgment. Costs of appeal are assessed against Melerine.
AFFIRMED.
NOTES
[1] There is no showing in the record that the first prescription exception was acted upon.