JUDE G. GRAVOIS, Judge.
 

 | gPlaintiffs, Kenneth G. Burg and Ashton J. Burg, Jr., individually and on behalf of their deceased mother, Norma Sciortino, appeal the trial court’s judgment granting defendant Metairie Operations, L.L.C.’s exception of prescription. After thoroughly reviewing the record and the applicable law, for the reasons that follow, we affirm.
 

 Factual Background and Procedural History
 

 The record shows that Mrs. Sciortino, after suffering several disabling strokes, was admitted in February 2005 to the Me-tairie Health Care Center, a long term care facility, as a permanent resident. She left the facility on June 13, 2005 and died shortly thereafter on July 10, 2005. Plaintiffs’ suit alleged that while Mrs. Sciortino was a resident of the facility, she received substandard medical treatment and nursing care which caused her accelerated deterioration and eventual death.
 

 | ^Plaintiffs’ petition for damages, which was filed on July 10, 2006, named Living Centers-East, Inc. d/b/a Metairie Healthcare as defendant. Next in the record is a motion for an extension of time to plead filed on November 21, 2006 by Metairie Operations, L.L.C. (“Metairie Operations”), asserting that Metairie Operations, which was “sought to be made a defendant herein,” had “received” a copy of plaintiffs’ petition for damages on or about November 8, 2006 and desired an extension of time to answer or otherwise plead in this matter. The trial court thereupon granted Metairie Operations an extension of an additional thirty (30) days or until December 21, 2006 in which to answer or otherwise plead in this matter. Metairie Operations did not, however, file any responsive pleadings within the extension period so granted.
 

 The next pleading in the record is a supplemental and amending petition filed by plaintiffs on June 28, 2007, in which plaintiffs replace “Living Centers-East, Inc. d/b/a Metairie Healthcare” with “Me-tairie Operations, LLC d/b/a Metairie Health Care Center” as defendant in this
 
 *355
 
 case. On the same day, plaintiffs voluntarily dismissed the originally named defendant, Living Centers-East, Inc. d/b/a Metairie Healthcare, with prejudice.
 

 On July 27, 2007, Metairie Operations filed exceptions of prematurity, prescription, and no cause of action. Plaintiffs filed an opposition to these exceptions, to which Metairie Operations replied. A hearing on the exceptions was held on August 20, 2008. The trial court took the matter under advisement and rendered a judgment on October 27, 2008 granting Metairie Operation’s exception of prescription. The other exceptions were appropriately found to be moot by the trial court. This timely appeal followed.
 

 |
 
 .¡Analysis
 

 In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous.
 
 Katz v. Allstate Ins. Co.,
 
 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443.
 

 The prescriptive period found in LSA-C.C. art. 3492 of one year from the day injury or damage is sustained is applicable to the causes of action asserted by plaintiffs in this case.
 

 LSA-C.C.P. art. 1153, which governs the relation back of pleadings, provides:
 

 When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
 

 Considering the applicable prescriptive period and the undisputed facts of this case, the causes of action asserted by plaintiffs have prescribed unless plaintiffs’ supplemental and amending petition relates back to the date of filing of plaintiffs’ original petition for damages.
 

 In
 
 Renfroe v. State through Department of Transportation and Development,
 
 01-1646 (La.2/26/02), 809 So.2d 947, the Supreme Court reiterated the four-part test, as originally laid out in
 
 Ray v. Alexandria Mall,
 
 434 So.2d 1083 (La.1983), to determine if a supplemental petition relates back to the original petition for prescription purposes:
 

 (1) The amended claim must arise out of the same conduct, transaction or occurrence set forth in the original petition;
 

 (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
 

 |fi(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
 

 (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
 

 Plaintiffs argue on appeal, as they did in the district court, that their amended petition relates back to the original petition because it satisfies all four relation back criteria outlined above. They assert that the trial court found that factors 1 and 2 outlined above were met, and so do not include argument on those in brief. They argue that they sued the correct facility and that there was only a mistake in the identity of the party that owned or operated the facility. They further argue that there is an “identity of interest” between Living Centers-East, Inc. and Me-
 
 *356
 
 tairie Operations because they both operated out of the same physical facility. Plaintiffs argue that their search for the identity of the appropriate defendant herein on the Louisiana Secretary of State’s website constituted requisite due diligence to ascertain the identity of the appropriate defendant herein, and that no further action with respect thereto was required on their part.
 

 The record establishes and it is likewise undisputed that the originally named defendant, Living Centers-East, Inc., sold or transferred the facility in question to Me-tairie Operations sometime during 2008, and therefore neither owned nor operated the nursing home facility in question at any of the time during 2005 that Mrs. Sciortino resided there. The record is also clear that the actual owner and operator of the facility during Mrs. Sciortino’s residency there, Metairie Operations, first gained knowledge of the suit when counsel for Living Centers-East, Inc. sent Metairie Operations’ counsel an email alerting them of the suit, which had been served upon Living Centers-East, Inc.’s agent. This email was | fidated November 6, 2006, which is well after the running of the prescriptive period applicable to plaintiffs’ alleged causes of action herein.
 

 In its Reasons for Judgment, the trial court found that the first two relation back criteria had been met, but third and fourth were not:
 

 Factors 3 and 4, however, present a problem for plaintiffs. Living Centers-East and Metairie Health Care are two separate and distinct entities, with different domicile addresses and registered agents. Plaintiffs argue that they are related because they both operated (at different times) out of the same physical facility; however, this argument was rejected by the Fifth Circuit in
 
 Melerine v. American Multi-Cinema, Inc.,
 
 882 So.2d 628 (La.App. 5th Cir.2004). In
 
 Melerine,
 
 plaintiff filed suit against the current owner of the movie theater where she fell, but her accident occurred when the theater was owned by another entity. More than a year after her accident, she filed suit against the correct defendant; however, an exception of prescription filed by that defendant was granted by this Court and upheld by the Fifth Circuit. In
 
 Melerine,
 
 the Fifth Circuit stated that if an amendment is to relate back, a plaintiff cannot sue a new and unrelated defendant. The original and new defendants must have an identity of interest. An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers. Living Centers-East was part of a nationally traded company out of Atlanta and Metairie Operations is a Louisiana Limited Liability company whose members are local citizens. There is no parent corporation and/or wholly owned subsidiary relationship between these two defendants, and they share no officers. Although the result is harsh, it is apparent from the applicable Fifth Circuit caselaw that there is no relation back from the amended petition to the timely filed original petition.
 

 We find no manifest error in the trial court’s findings of fact or application of the law in this case. There is no “identity of interest” between Living Centers-East, Inc. and Metairie Operations. The facts in this case are actually stronger than those in
 
 Melerine,
 
 in that in this case at all times pertinent hereto (i.e., for the entire time that Mrs. Sciortino actually resided at the facility in question), the facility in question was actually owned and operated by Me-tairie Operations, rather than by Living Centers-East, Inc.
 

 
 *357
 
 Plaintiffs further argue that their search of the Secretary of State’s website prior to filing suit as an attempt to find and identify the correct owner/operator of 17the facility in question constituted due diligence on their part. They argue that the information on the website was incorrect and misleading, thereby excusing their mistake in naming the correct defendant herein. Defendant Metairie Operations countered that due diligence by the plaintiffs in this particular case required additional relatively non-onerous action on the part of the plaintiffs that could have easily allowed plaintiffs to identify the then-current owner/operator of the facility in question. Plaintiffs would have thus been able to appropriately name the correct party defendant in this proceeding when they originally filed their petition for damages.
 

 We agree with Metairie Operations. Under the particular facts and circumstances involved in this case, due diligence in this case required more action and research on the part of the plaintiffs. Phone calls by the plaintiffs to the appropriate public agency which regulates facilities of this type, or to the facility itself, seemingly would have allowed plaintiffs to easily find and accurately identify the then-current registered owner/operator of the facility in question. Such additional action by the plaintiffs would not have been so onerous on plaintiffs so as to be considered unreasonable and inappropriate under the particular facts and circumstances involved in this case.
 

 Conclusion
 

 For the reasons stated above, the trial court’s judgment granting defendant Me-tairie Operations, L.L.C.’s exception of prescription is hereby affirmed.
 

 AFFIRMED.