SUSAN M. CHEHARDY, Chief Judge.
[2Plaintiffs, Gary Wilson, Wilford La-point, Jr., and Garnet Crump, appeal the trial court’s judgment maintaining the exceptions of prescription and no cause of action filed by defendant, Greg Champagne, in his official capacity as St. Charles Parish Sheriff. For the following reasons, we affirm that judgment.

Factual Background and Procedural History

On January 13, 2010, the plaintiffs, who were prisoners in the custody of the St. Charles Parish Sheriff, were being transported in a Vehicle owned by the St. .Charles Parish Sheriffs Office when that vehicle was in a collision with a dump truck. Each of the three plaintiffs alleged that, as a result of the accident, they suffered "severe and grievous injury to body and mind.” ■
On January 12, 2011, plaintiffs filed their petition for damages,' naming as defendants: "the Parish of St. Charles;” its employee who was the driver of the dump truck, John Doe;' and its liability insurer, XYZ Insurance Company. On February 2, 2011, plaintiffs filed, a supplemental and amending petition to “add an additional defendant ... the St. Charles Parish Sheriffs Office,” as the owner of the prisoner transportation vehicle'and the dunip truck and the employer of the previously-named driver, John Doe. Further, plaintiffs alleged that the “St. Charles Parish Sheriffs Office is liable .jointly and in solido vrith St, Charles Parish and John Doe” for their injuries.
|aOn February 15, 2011, Greg Champagne, in his capacity as the Sheriff of St. Charles Parish, filed exceptions of “no right and no cause of action” on the basis that' there is “no legal entity capable of being sued known as the St. Charles Parish Sheriffs Office.” On March 17, 2011, plaintiffs filed a second supplemental and amending petition to “add an additional defendant ... Greg Champagne in his official capacity” as Sheriff of St. Charles Parish, as the employer of the previously-named driver, John Doe. Further, plaintiffs .alleged- that Greg Champagne in his official capacity is liable jointly and in solido with' the “St. Charles Parish Sheriffs Office, St. Charles Parish and John Doe” for their injuries.
On April 29, 2011, ..Sheriff Champagne filed an exception of prescription, alleging that plaintiffs failed to interrupt the one year liberative prescription as to delictual actions by filing their petition against an improper defendant, who is not solidarity liable with the proper defendant. This exception was denied on June 24, 2011,
On June 10, 2011, St‘.Charles Parish filed an exception of no right of action on the basis that it did not own either yehicle in question or employ either driver. This exception was also denied on June- 24, 2011. ■ ⅛ .
After further discovery,, St. Charles Parish filed a motion for summary[1] judgment on the basis that the Parish did not own the dump truck -in question. To its motion, the Parish-attached the certificate of ownership of the dump-truck-as proof that the dump truck at issue was owned by the St. Charles Parish Sheriffs Office. Fur *338 ther, the Parish argued that the petitions reflected no other claim against the Parish besides alleged ownership of the dump truck. The trial judge granted summary-judgment in the Parish’s favor on November 24, 2014.
On January 5, 2015, Greg Champagne as the Sheriff of St. Charles Parish filed exceptions of prescription and no cause of action. After a hearing on |4February 6, 2015, the trial court granted the. Sheriffs exception of prescription; the trial judge signed the written judgment to that effect on February 20, 2015. This timely appeal follows.

Analysis

In reviewing a peremptory exception of prescription, an appellate court will review, the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Burg v. Living Ctrs. E., Inc., 09-248 (La.App. 5 Cir. 10/27/09), 28 So.3d 353, 354 (citing Katz v. Allstate Ins. Co., 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443).
La. C.C. art 3492 declares that delictual actions, such as the personal injury claims asserted by plaintiffs in this case, are subject to a one year prescriptive period, which commences to run from “the day injury or damage is sustained.”
La. C.C.P. art. 1153, which governs the 'relation back’ of pleadings, provides, “When the action or defense asserted in the amended petition, or answer arises out of the-conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date, of filing the original pleading.”
In Renfroe v. State through DOTD, 01-1646 (La.2/26/02), 809 So.2d 947, the Supreme .Court reiterated the four-part test, originally enunciated in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), to determine if a supplemental petition relates back to- the original petition for prescription purposes:
(1) The amended claim must arise out of the same conduct, transaction or occurrence set forth in the original petition;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new, cause of action which would have otherwise prescribed.
| sIn this case, the accident occurred on January 13, 2010 and the petition was filed on January 12, 2011. The petition, however, did not name the proper defendant. The second amending petition, naming the purported substitute defendant, was filed on March 17, 2011, which was two months outside of the prescriptive period.
Plaintiffs, argue on appeal, as they did in the district court, that their second amended petition, relates back to the original petition because the amending petition was “correcting a ‘misnomer’ rather than adding a wholly new and unrelated defendant that would be prejudiced in having to set forth a defense.” We disagree.
In this case, the record establishes that the originally named defendant, St. Charles Parish, transferred the vehicle in question—the dump truck—to the Sheriffs Office in. 2009 so the Parish was not responsible for the vehicle. Further, the Parish did not employ the driver of the *339 ■dump truck. Thus, they were not .the correct named defendant. •
Further, there is no support for the plaintiffs’ contention that the Parish and the Sheriff were “solidarity liable” for the injuries. The Parish was not the owner of either vehicle or the employee of either driver so the plaintiffs did not establish the Parish’s potential liability for this incident. Thus, the Parish could not be “solidarity liable” with the Sheriff of St. Charles Parish in this case. “A. suit timely filed against one defendant does not interrupt prescription against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist.” Renfroe supra at 950 citing Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
|fiThus, unless the second supplemental and amending petition relates back to the plaintiffs’ original petition for damages, plaintiffs’ actions prescribed. Here, the amending petition fails to comply with the only remaining available criteria of the ‘relation back’ test because Sheriff Champagne is a wholly new and unrelated defendant to the Parish of St. Charles. La. Const. Art. V, § 27 established, “In each parish [except Orleans Parish] a sheriff shall be elected for a term of four years [as] the chief law enforcement officer in the parish.” Thus, the 'Sheriff of St. Charles Parish heads a political subdivision separate from the Parish of St. Charles. See generally, La. Const. Art. VI, § 1. Although both entities serve the citizens of St. Charles .Parish, there is no “identity of interest” as required by La. C.C.P. art. 1153.
Most importantly, the record is clear that the plaintiffs were in the custody of the St. Charles Parish Sheriff on that date of the. accident. See, La. R.S. 15:70s.[1] On .that day, the plaintiffs were being transported by, an employee .of the. Sheriffs office in a vehicle controlled by the Sheriffs office — it does not require extensive due diligence to determine that the Sheriff of St. Charles Parish as custodian would be a proper, if not a necessary, party to name as defendant.
After reviewing the entire record, we find no manifest error in the trial court’s application of the law in this case. Plaintiffs’ claims are prescribed.[2]

Conclusion

For the aforementioned reasons, we affirm the trial court’s judgment granting appellee, Sheriff Greg Champagne’s, exceptions of prescription and no cause of action.

AFFIRMED

. La. R.S. 15:708(F) reads in pertinent part:
A prisoner participating in any of the inmate labor programs authorized by this Section shall have no cause of action for damages against the sheriff ..., nor against any deputy, ... for any injury or loss suffered by him during or arising out of his participation in the program, unless the injury or loss was caused by the iriientional or grossly negligent act' or omission- of the sheriff— ■

. Finding that plaintiffs’ actions are prescribed, we pretermit discussion of their assigned error regarding the Sheriff's exception . of no cause of action. . :■