BELSOME, J.,
dissents With Reasons.
|,I respectfully disagree with the legal analysis employed by the majority in affirming the trial court’s granting of summary judgment. For the following reasons, I would reverse the trial court.
The majority correctly notes that the trial court, when granting Plaintiffs Motion for New Trial, recognized that a finding of liability on the part of Jefferson Lake depends upon proof at trial that Jefferson Lake is solidarily liable with one of the originally named defendants.[1] Jefferson Lake moved for summary judgment on the basis that Plaintiffs cannot show that Jefferson Lake was solidarily liable with an originally named defendant and, therefore, their claims against them had prescribed. It was Plaintiffs’ burden to produce evidence sufficient to establish a genuine issue of material fact as to the existence of such solidary liability, thereby interrupting prescription against Jefferson Lake. See La. C.C.P. art. 966(D)(1); La. C.C. art. 3462. I believe that Plaintiffs met this burden.
In opposition to Jefferson Lake’s Motion for Summary Judgment, Plaintiffs produced a “Sulphur Agreement” and “Assignment of Sulphur Rights” between Jefferson Lake and original defendant, Gulf Oil, executed in 1966, and the contract | gterminating those agreements in the 1972 (collectively, the “Agreements”). Pursuant to the Agreements, Gulf Oil assigned its rights to drill for and produce sulfur to Jefferson Lake, and in return Gulf Oil received a percentage of royalty interest from Jefferson Lake’s operations on the leased premises. Upon termination of the assignment, all of Jefferson Lake’s interest in the leased premises reverted to Gulf Oil, and Jefferson Lake agreed to remove any pipes used in its operations.
For the purposes of this appeal, the focus should be on whether or not these facts could cause Jefferson Lake and Gulf Oil to be considered joint or solidary obligors. Layman v. City of New Orleans, et al., 1998-0705, p. 2 (La.App. 4 Cir.1998), 753 So.2d 254, 256 (holding that a defendant need only plead the facts upon which a finding of solidary liability would be based, i.e., it is sufficient that a defendant plead facts that would, if proven, cause the named defendant to be considered joint tortfeasors and, therefore, solidarily liable). Whether or not, the mineral lease constituted a joint venture, a question which forms the cornerstone of the majority’s opinion, is but only one avenue to a finding of joint or solidary liability.
Plaintiffs alleged in their original petition that the allision at issue occurred as a result of the negligence and other fault of the defendants, including Jefferson Lake and Gulf Oil, as owners and/or operators of oil and gas production platforms in the Lake Hermitage area, in that the they, inter alia, failed to mark, maintain, and/or remove the pipeline with which they abid-ed, and failed to warn mariners of this hazard of navigation. At minimum, the introduction of the Agreements between Jefferson Lake and Gulf Oil raises genuine issues of material fact as to as to who had ownership or control over of the submerged pipe, and whether Jefferson Lake and Gulf Oil had a solidary obligation to mark, remove, or warn mariners of the object.
^Additionally, this writer finds Defendant, Jefferson Lake’s, behavior troubling due to the fact that they were original defendants in this case and denied any *748 connection to the' underwater object that was struck by Plaintiffs’ boat. Further troubling is a properly and timely sued defendant who denied any connection to the matter is discovered to, be a party to an.agreement tying them directly to the instant facts of this litigation. If 'the. defendant misrepresented or suppressed these facts, they should not be allowed to benefit from their actions.
For these reasons, I rtould reverse the ruling of the triaí court, and remand the matter for further proceedings.

. Interruption of prescription against one solidary obligor or joint tortfeasor is effective against all solidary obligors and joint tortfeasors. See La. C.C. arts. 1799, 2324(C), 3503; Williams v. Sewage and Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).