| .MARION F. EDWARDS, Judge.
Plaintiff/appellant Standard Fire Insurance Company (“Standard”) appeals from judgments in favor of defendant/appellees Safeguard Storage Properties LLC (“Safeguard Storage”) and Safeguard Fifteen LLC (“Fifteen”). We affirm.
*505 On June 20, 2003, Standard filed a petition for damages against Safeguard Storage. The petition alleged that Standard’s insured, Jack delaVergne, was the lessee of a storage unit at the Safeguard Storage facility on River Road West, in Jefferson, and that the unit was burglarized on June 27, 2002. Because Standard paid delaV-ergne under the terms of its policy, it sought subrogation from Safeguard Storage, alleging various acts of negligence. On August 18, 2003, Safeguard Storage filed an answer stating, among other things, that it was not the owner of the facility. On September 11, 2003, Standard filed an amended petition adding Fifteen as a defendant.
On November 12, 2003, Safeguard Storage filed a Motion For Summary Judgment, averring that it had no right, title or interest in the storage facility. In | aconnection with this motion, Safeguard Storage submitted the affidavit of Thomas Guidroz, an agent of Fifteen, to the effect that the subject storage facility was owned by Fifteen and that Safeguard Storage had never owned any right, title, or interest therein. Also attached was an Act of Transfer dated April 28, 1995, in which Leveeview Investments transferred the subject property to Fifteen.
On November 18, 2003, Fifteen filed a Peremptory Exception of Prescription, alleging that the burglary took place on June 27, 2002, and that because it was not made a defendant until September 11, 2003, the action against it had prescribed. The matters were submitted, and the trial court subsequently granted both the Exception of Prescription in favor of Fifteen and the Motion For Summary Judgment in favor of Safeguard Storage.
Standard argues on appeal, as it did in the trial court, that the amended petition related back to the original petition because Safeguard Storage was so interrelated with Fifteen that service of the original petition on the former constituted both real and constructive notice of suit on the latter. Standard also argues that it relied on the representations made by Safeguard employees as to the proper party defendant such that the doctrine of contra non valentum suspended the applicable prescriptive period.
Standard cites La. C.C.P. art. 1153 which states that when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. Standard urges this suit fits the criteria set forth by the Supreme Court to allow relation back.[1] In that slip and fall case, the plaintiff first named Alexandria Mall, instead of Alexandria Mall Co., as the defendant. The manager of the mall was served with the petition and the mall’s insurer paid plaintiffs medical bills before |4suit was even filed. Finally, the mall admitted that after receiving the petition it remained silent about the mistaken name until the one year prescriptive period had run. Plaintiff then learned of the mistake and amended her petition to name the Alexandria Mall Co. The defendant’s exception of prescription was maintained in the trial court and plaintiff appealed.
In reversing this judgment the Supreme Court set forth a four part analysis as to when an amended petition should relate back to the date of the original petition as follows:
1. The amended claim must arise out of the same transaction or occurrence as the original claim;
*506 2. The substitute defendant must have received notice of the action such that he will not be prejudiced in defending the suit;
3. The substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant the action would have been brought against him; and
4. The substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would otherwise have prescribed.
In the present matter, Standard urges that one of the principal organizers of Fifteen is Safeguard Investment Properties. Bruce Roch is the manager and registered agent of Safeguard Investment, and he is also a manager of Fifteen. According to Standard, Safeguard Properties merged into Safeguard Capital Fund (“Capital Fund”) in February 1999. Standard claims that Capital Fund and Safeguard Storage, both Delaware corporations, have the same Louisiana address. Standard further alleges that there are at least 33 entities starting their name with “Safeguard,” all of which share agents for service of process, managers, directors, organizers, and partners, thus having some connection to Safeguard Storage or Fifteen. Among the corporations, Standard points out there are only four different addresses, all of which have a connection to the same small group of people. To support these allegations, Standard has submitted a chart with numerous entities sharing the name “Safeguard.” Standard concludes that because of these “facts”, it Inis reasonable to assert that suing Safeguard Storage gives actual and constructive notice to Fifteen, and that Safeguard Storage knew or should have known that the petition stated a cause of action against Fifteen.
Most of the above assertions are not supported by the record. In opposition to the Motion For Summary Judgment and the Exception of Prescription, Standard submitted a letter written on Safeguard Storage Properties letterhead to Ms. Pam Fields, a claims representative for Traveler’s Insurance and its subsidiaries, including Standard. The letter, dated November 11, 2002, was signed by David O’Flynn who identified himself therein as “Controller.” The letter indicated that it enclosed a copy of the Rental Agreement for Mr. delaVergne, and gave information regarding the rental unit. Also attached to the Opposition was a letter from counsel for Safeguard Storage to counsel for Standard, confirming an agreement to allow an extension of time to answer. Another letter dated August 18, 2003 from Safeguard Storage’s attorney to Standard attached the aforementioned Act of Transfer. In the record are exhibits titled “Louisiana Secretary of State Unofficial Detail Record” which indicated the domicile of Safeguard Storage is. in Delaware, its Louisiana office is at 111 Veterans Memorial Blvd., and its registered agent is Corporation Service Company in Baton Rouge. The exhibit shows that Fifteen’s domicile is at 3925 N. 1-10 Service Road in Metair-ie, its manager is Bruce Roch, and its agents are Henri Favrot Jr. and William Shane. ■ A'tax assessor’s record for the year 2001 indicates that the mailing address for Fifteen is 111 Veterans Blvd., the same as that of Safeguard Storage.
Standard avers: (1) that the lease signed by delaVergne lists the lessor as “Safeguard Self Storage # 15”, a name which does not appear in the Secretary of State’s records as a separately registered juridical person; (2) that the November 11 letter from O’Flynn does not mention Fifteen as the proper party to which claims should be directed; and (3) the first notice *507 provided to Standard that Fifteen was |fithe actual owner was the August 18 letter from counsel for both Standard Storage and Fifteen.
The amended action adding Fifteen clearly arose out of the occurrence set forth in the original petition. It is equally clear that the purpose of the amended petition was to add a new defendant, rather than to simply correct a misnomer.
If an amendment is to relate back, a plaintiff cannot sue a new and unrelated defendant. The original and the new defendant must have an identity of interest. An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers. The relationship must be such that there is an inference of notice.[2]
In the present case, documents filed by Standard show that Safeguard Storage and Fifteen have different corporate residences and different agents for service of process. Although we agree that the numerous business entities sharing the name “Safeguard” may lead to confusion, we do not find in the record on appeal sufficient evidence to meet the requirement of identity of interest. The facts that both the businesses have the same counsel, and share a board member (Roch), are insufficient connections for purposes of C. C.P. 1153 as interpreted in Ray.
The storage contract of lease was between delaVergne and Fifteen, and we find nothing in that lease referring to Safeguard Storage. The affidavit of Mr. Gui-droz evidences that Safeguard Storage has never owned any right, title or interest in Fifteen’s storage facility. Accordingly, we do not find an “identity of interest” sufficiently proven so as to allow the amending petition to relate back.
Further, there is no showing that Fifteen was notified of the filing of the lawsuit prior to service of the amended petition after prescription had run. Under the second criterion of Ray, the substitute defendant must have received notice of the filing of the action. A notice of claim or a demand letter is not sufficient to satisfy the notice requirement.[3] “Notice” in this context means notice of the |7institution of the lawsuit.[4] Safeguard Storage proved that it was not served until September 2003, well after prescription had run. Thus, Fifteen could not have received the necessary notice. Because Standard has not shown these elements, we pretermit discussion of the final criteria, inasmuch as all of the requisites of Ray have not been met.
It is well settled that when the petition itself evidences the fact that the action is prescribed, that is, the claim is prescribed on its face, the plaintiff bears the burden of showing why prescription has not run.[5] To this end, Standard has urged that the doctrine of contra non valentum applies to interrupt the prescriptive period.
There are four situations in which the doctrine of contra non valentum can *508 be applied to suspend the running of prescription:
(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiffs action;
(2) where there was some condition coupled with contract or connected with proceedings which prevented creditor from suing or acting;
(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his ignorance is not induced by defendant.[6]
However, the doctrine of contra non valentón only applies in “exceptional circumstances,”[7] and must be strictly construed.[8] Standard has urged that Fifteen sent the letter dated November 11th on Safeguard Storage letterhead to prevent Standard from availing itself of its cause of action, i.e., suing the proper party defendant (Fifteen).
|S“A plaintiff will be deemed to know that which he could have learned from reasonable diligence.”[9] Even if this letter could be construed as misleading, reliance on misinformation, standing alone, does not satisfy the reasonable diligence requirement.[10] Standard has not shown that it exercised reasonable diligence in ascertaining the owner of the property pri- or to the motions filed by the defendants. We do not find this letter prevented Standard from ascertaining that Fifteen was the proper party defendant. Consequently, the trial court did not err in granting the Exception of Prescription.
With regard to the summary judgment, it has been stated:
We review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if “there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor.
A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
Louisiana Code of Civil Procedure art. 966(C)(2) provides:
*509 (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[11]
l9The determination of liability under the duty/risk analysis usually requires proof of five separate elements: (1) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).[12] All of the elements must be proven in order for liability to attach.[13]
Although decided in another context, it has been held that a parent corporation may affirmatively undertake a duty owed by its subsidiary and be held liable.[14] On appeal, Standard urges that the Motion For Summary Judgment was granted before a proper period of discovery had elapsed, and thus that it had been precluded from obtaining evidence of the “high degree of interrelation” among the “Safeguard companies.” Although the amended petition added Fifteen as a defendant, it did not allege any interrelation between the companies, or that Safeguard Storage undertook any duties to it owed by Fifteen. In its opposition to Summary Judgment, as on appeal, Standard urges that the evidence shows “upon information and belief’ that Safeguard Storage had a right of direction and control over the employees of Fifteen, and that those employees are paid with checks issued by Safeguard Storage. However, the allegations were not supported by any evidence or affidavit to that effect, nor was there any showing that such evidence or affidavit was unattainable. At the least, Standard could have moved for an extension of time in which to respond to the Motion For Summary Judgment in order to obtain any such evidence. There has been no showing that Safeguard had | many control over Fifteen, nor that Safeguard Storage is the parent corporation of Fifteen. Indeed, there has been no showing that Safeguard Storage and Fifteen are sufficiently related so as have an identity of interest. Stated another way, Standard has not shown any duty owed to it by Safeguard Storage.
There is no absolute right to delay trial court’s consideration of a summary judg *510 ment motion until discovery is completed; rather, the trial judge has discretion to issue a summary judgment or to require further discovery.[15] Our review of the record discloses no abuse of discretion and therefore no error in the granting of the Motion For Summary Judgment.
For the foregoing reasons, the judgments maintaining the Exception of Prescription and granting the Motion For Summary Judgment are affirmed. Costs are assessed to Standard.
AFFIRMED.

. See Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).

. Melerine v. American Multi Cinema, Inc., 04-292 (La.App. 5 Cir. 8/31/04), 882 So.2d 628, citations omitted.

. Sanders v. Schwegmann Supermarkets 96-0849 (La.App. 4 Cir. 6/4/97),696 So.2d 264; also Heimann v. General Cinema Corporation of Louisiana, 559 So.2d 919 (La.App. 5th Cir. 1990).

. See Renfroe v. State ex rel. Dept. of Transp. and Development 2001-1646 (La.2/26/02),809 So.2d 947.

. Melerine v. American Multi Cinema, Inc., supra.

. Bell v. Kreider 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, writ denied 2003-2875 (La.1/9/04),862 So.2d 986.

. Renfroe v. State ex rel. Dept. of Transp. and Development, 2001-1646 La. 2/26/02 (La.2002) 809 So.2d 947.

. Brown v. Avoyelles Parish School Bd. 2003-796 (La.App. 3 Cir. 12/10/03),861 So.2d 773, citing. Harsh v. Calogero, 615 So.2d 420, 422 (La.App. 4 Cir. 1993).

. Bell v. Krieder, supra.

. Id; Drake v. Sarpy Properties, Inc., 01-1323 (La.App. 5 Cir. 4/10/02), 817 So.2d 209, writ denied, 02-1339 (La.9/13/02), 824 So.2d 1170.

. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764.

. Bonin v. Ferrellgas, Inc., 2003-3024 (La.7/2/04), 877 So.2d 89.

. See Mathieu v. Imperial Toy Corporation, 94-0952, p. 11 (La.11/30/94), 646 So.2d 318; Smith v. Avondale Industries, Inc. 02-939 (La.App. 5 Cir. 12/30/02), 834 So.2d 1233, writ denied 2003-0490 (La.4/25/03), 842 So.2d 402.

.Bujol v. Entergy Services, Inc. 2003-0492 (La.5/25/04), 2004 WL 1157413, - So.2d -.

. Orillion v. Alton Ochsner Medical Foundation 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063; writ denied, 97-1725 (La. 10/13/97), 703 So.2d 617; also see Oliva v. Winn-Dixie Louisiana, Inc. 99-831 (La. App. 5 Cir. 1/4/00),756 So.2d 444.