CLARENCE E. McMANUS, Judge.
|2This is an appeal by plaintiffs from the trial court’s granting of defendants’ exception of prescription. For the following reasons, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

In 1972, Robert and Norma Brennan formed Brennan House of Printing, Inc. (hereinafter referred to as “BHOP”), with Robert as the sole shareholder with 200 shares of common stock. Robert and Norma had four children: Daniel, Fonda, Sheila, and Marleen. Daniel and Fonda eventually began working for BHOP. In 1981, Robert and Norma transferred 100 shares of stock to their children. Daniel received a majority 51 shares, Fonda received 24 shares and Sheila and Marleen each received 12½ shares. Robert died in 1984 and Norma later died in 2003. Following his father’s death, Daniel assumed control of the company and became president of BHOP. In 1988, Brennan’s Direct Mail, Inc. (hereinafter referred to as “BDM”) was formed and was operated in connection with BHOP.
|sOn October 15, 1990, BHOP purchased a lot on Blessey St. in Elmwood Industrial Park on which to construct a new building for the business. BHOP paid $146,625.00 for the lot. On October 17, 1991, Daniel and his wife, Anne, purchased the Blessey St. property from the company, for the same amount originally paid for the lot. The building was then built on the lot in 1992 and BHOP/BDM has occupied the building since that time. The company paid rent to Daniel and Anne for the use of the building.
Daniel died in January 2003 and Anne was then named director of BHOP/BDM. Sheila, Fonda and Marleen (hereinafter collectively referred to as “plaintiffs”) claim they first discovered that Daniel and Anne had purchased the lot from BHOP when Daniel died in January 2003. On March 25, 2004, plaintiffs filed a petition entitled In Re: Brennan’s House of Printing, Inc. and Brennan’s Direct Mail, Inc, No. 605-676 seeking involuntary dissolution of the corporation and rescission of sale of the Blessey St. property. Plaintiffs sought dissolution and liquidation of BHOP and BDM, rescission of the sale of the Blessey St. property from BHOP to Daniel and Anne, and return of all rent collected by Daniel and Anne for the companies’ use of the building.
In 2006, four more related lawsuits were filed. On July 5, 2006, a petition was filed by Fonda, Sheila and Marleen, on behalf of *168 the BHOP, (hereinafter collectively referred to as “plaintiffs”) entitled Brennan’s House of Printing, Inc. v. Anne E. Brennan, et al, No. 633-030, again seeking rescission of the sale of the Blessey St. property and return of all rental payments. On July 5, 2006, in case number 633-030, a writ of sequestration was issued and a motion to deposit rent payments into the registry of the court was granted by the trial court allowing the company to retain ownership of the property with rental payments being deposited into the registry of the court.
|4On July 14, 2006, a petition was filed entitled Brennan’s House of Printing, Inc. v. Brennan’s Direct Mail, Inc., No. 633-425, in which BHOP sought money that BDM owed. And finally, on August 6, 2006, two more petitions were filed entitled In Re Brennan’s Direct Mail, Inc., No. 634-044, in which the plaintiffs sought the involuntary dissolution of BDM, and Brennan’s House of Printing, Inc. v. Anne E. Brennan and Robert Michael Brennan, No. 634-384, in which BHOP sought damages from Anne Brennan for the alleged breach of her fiduciary duties.
On October 27, 2008, all five related lawsuits were consolidated upon consent judgment of the parties. Thereafter, on March 16, 2009, defendants, Anne Brennan and her children, filed an exception of prescription with regard to the claims in case numbers 605-676 and 633-030 for rescission of the sale of the property. Defendants argued that the sale of the property occurred in 1991 and the earliest filed lawsuit was filed in 2004. Thus, defendants argued that plaintiffs’ claims were prescribed pursuant to the ten year prescriptive period for personal actions, the five year prescriptive period for actions asserting a relative nullity, and the ten year prescriptive period for claims pursuant to LSA-R.S. 9:5681, now LSA-R.S. 9:5646. In opposition to the exception, plaintiffs argued the sale of the land was an absolute nullity, which never prescribes.
A hearing on the exception was held before the trial court on January 9 and 10, 2009. The trial court issued a written judgment on September 23, 2009 granting the exception of prescription, finding the claims for rescission of the sale and for return of the rent payments are barred by liberative prescription. The trial court dismissed all rescission claims and requests for related ancillary relief in case number 605-676, and dismissed all claims in case number 633-030. The trial court also dissolved the writ of sequestration in ease number 633-030, awarding defendants damages for the wrongful issuance of the writ, in an amount to be ^determined at a subsequent hearing. Written reasons for judgment were issued by the trial court January 15, 2010. The trial court found plaintiffs’ claims are barred by the ten year prescriptive period of LSA-R.S. 9:5681, the five year prescriptive period of LSA-C.C. art. 2032, and the ten year prescriptive period of LSA-C.C. art. 3499.
Plaintiffs now appeal the judgment granting the exception of prescription. For the following reasons, we affirm the trial court’s judgment.

DISCUSSION

This is an appeal from the trial court’s granting of the exception of prescription and dismissal of the claims for rescission of the sale of the Blessey St. property. In reviewing an exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Babin v. Babin, 08-776 (La. App. 5 Cir. 3/10/09), 10 So.3d 784.
Plaintiffs’ petitions in case numbers 605-676 and 633-030 seek rescission of the sale *169 of the Blessey St. property. Plaintiffs allege Daniel lacked the authority to sign the act of sale on behalf of BHOP. Defendants urge several possible applicable prescriptive periods, but ultimately argue that under any of these prescriptive periods, plaintiffs’ claims are prescribed. In their exception of prescription, defendants argued plaintiffs’ claims for recession of the sale of the property are barred by the ten year prescriptive period for filing personal actions pursuant to LSA-C.C. art. 3499, the five year prescriptive period for actions asserting a relative nullity pursuant to LSA-C.C. art. 2032, and the ten year prescriptive period under LSA-R.S. 9:5681, now LSA-R.S. 9:5646. In opposition, plaintiffs alleged the sale is an absolute nullity, therefore, their claim never prescribes.
IfiThe trial court granted the exception of prescription and found that all of the prescriptive periods argued by defendants applied and the claims of plaintiffs are barred. Plaintiffs now appeal this judgment. Plaintiffs argue the sale transaction is an absolute nullity because Daniel and Anne purchased the property without shareholder approval, in violation of LSA-R.S. 12:84. Plaintiffs contend that the sale transaction is an absolute nullity and therefore, their claims for rescission of the sale do not prescribe. The trial court found an absolute nullity does not exist and applied a five year prescriptive period for a relative nullity pursuant to LSA-C.C. art. 2032. In opposition to this appeal, defendants argue plaintiffs’ claims are asserted for relative nullity of the contract of sale and not for absolute nullity. For the reasons which follow, we agree with the trial court and find the plaintiffs’ claims for rescission of the sale are prescribed.
First, we find the claims by plaintiffs assert a relative nullity and not an absolute nullity. LSA-C.C. art. 2032 provides that an action for annulment of an absolutely null contract does not prescribe and an action for annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud. A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. LSA-C.C. art. 2031. A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. LSA-C.C. art. 2030.
In this case, we agree with the trial court and find the plaintiffs’ claims seeking rescission are for the relative nullity of the sale transaction and not claims of rescission based on an absolutely null contract. Plaintiffs’ petitions allege Daniel breached his fiduciary duty to the corporation by selling the property to |7himself and his wife without shareholder approval and without following other corporate formalities, in violation of LSA-R.S. 12:84. Plaintiffs seek rescission of the sale based on this breach of fiduciary duty. Plaintiffs’ claims do not allege a violation of a rule of public order which would create an absolute nullity in accordance with LSA-C.C. art. 2030. Instead, plaintiffs allege acts of fraud by Daniel which would render the sale transaction a relative nullity. Thus, we find plaintiffs’ claims seek rescission of the sale based on relative nullity of the sales contract.
In accordance with LSA-C.C. art. 2032, an action for annulment of a relatively null contract based on fraud must be brought within five years of discovery of the ground for nullity. Plaintiffs argue they first learned of the sale of the property to Daniel and Anne following Daniel’s death in January 2003, therefore, they *170 filed their petition within five years of discovery of the fraud. The issue of prescription in this ease requires a determination of when the plaintiffs knew of the sale of the property. The trial court found, based on the testimonies presented at trial, that the plaintiffs knew or should have known of the sale of the property from the company to Daniel and Anne in 1991 around the time of the actual sale. Fonda and Sheila testified that prior to the 1991 sale Daniel offered each of them the opportunity to purchase the property for the same price Daniel eventually paid, if they could personally secure financing to build the building. Fonda and Sheila both declined the opportunity to purchase the property. Additionally, the sale transaction of the property from the company to Daniel was documented in the company’s financial records and tax returns. Therefore, the shareholders, including Fonda, Sheila, and Marleen, should have known of the sale of the property at the time of its execution in 1991. Further, no evidence was offered to show that Daniel or Anne attempted to hide the sale from anyone. | ¡/Therefore, we agree with the trial court and find the plaintiffs knew or should have known that Daniel and Anne had purchased the property from the company in 1991. Plaintiffs’ first lawsuit seeking rescission of the sale was filed in '2004, which is thirteen years after the sale of the property to Daniel and Anne. Thus, plaintiffs’ claims for rescission on the relative nullity of the sale contract are prescribed under the five year prescriptive period set forth in LSA-C.C. art. 2032 and the trial court correctly granted defendants’ exception of prescription on that basis.
Additionally, plaintiffs argue on appeal that the trial court incorrectly held that the claims they filed are personal actions to rescind the sale of the immovable property and are prescribed pursuant to La. C.C.art. 3499. The trial court held that an action to nullify a real estate sale is a personal action and a ten year prescriptive period applies. Plaintiffs assert their claims are real actions because the subject of the lawsuits is the ownership of real estate, thus, the ten year prescriptive period of LSA-C.C. art. 3499 does not apply.
LSA-C.C. art. 3499 provides that “[u]n-less otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” We agree with the trial court and find the plaintiffs’ claims are personal actions, which are prescribed in accordance with LSA-C.C. art. 3499. The sale was executed in 1991 and plaintiffs’ first petition was filed in 2004. As discussed above, plaintiffs knew or should have known of the sale at the time it was executed or shortly thereafter. Thus, plaintiffs’ petitions were filed more than ten years after the sale and are prescribed.
 Plaintiffs further argue on appeal that former LSA-R.S. 9:5681, now LSA-R.S. 9:5646, does not apply in this case because it is a recordation statute and there are no allegations of improper recor-dation of the sale. In their petition, the 19plaintiffs have alleged Daniel lacked the authority to sign the act of sale, thus, the company is entitled to a rescission of the sale. The former LSA-R.S. 9:5681, now LSA-R.S. 9:5646, provided for a ten year prescriptive period and stated the following:
Any action to set aside a sale, transfer, lease, mortgage, encumbrance, or any other document by any legal entity or unincorporated association affecting any immovable property located in this state on the ground that the officer, agent, or other representative of the legal entity or unincorporated association signing the document was without authority to do so is prescribed by ten *171 years, reckoning from the day the document was recorded in the mortgage or conveyance records, or both, as applicable, of the parish in which the immovable property is located. Nothing contained in this Section shall be construed to limit or to establish a prescriptive period as to any proceeding which may arise between the legal entity or unincorporated association and the person acting in a representative position.
Plaintiffs contend this statute does not apply, or in the alternative, that there is an exception to the prescriptive period contained in the statute which precludes the granting of the exception of prescription. Plaintiffs contend the last sentence of this statute provides an exception to this ten year prescriptive period for any proceeding between the legal entity and a person acting in a representative position.
The trial court noted, and we agree, that this exception does not apply in this situation because Daniel was the person acting in a representative position during this sale and he is deceased. Thus, he is not a defendant and this is not a proceeding between the legal entity and the person in a representative position. Therefore, we find this statute is applicable and the ten year prescriptive period set forth in the former LSA-R.S. 9:5681 applies. As previously discussed, the earliest filed lawsuit was filed in 2004, more than ten years after the sale of the property. Thus, we find plaintiffs’ claims have prescribed pursuant to the former LSA-R.S. 9:5681.
1 inFinally, plaintiffs claim the trial court erred by dissolving the writ of sequestration because prescription was the only issue before the trial court at the July 9 and 10, 2009 hearing, so no contradictory hearing regarding the writ of sequestration was held as required by LSA-C.C.P. art. 3506. Plaintiffs contend the writ of sequestration was still in effect and no contradictory motion to dissolve was filed. In opposition, defendants claim the request to dissolve the writ of sequestration was part of the exception of prescription and the contradictory hearing on the request was held at the same time as the hearing on the exception.
The petition in case number 633-030, filed by plaintiffs on July 5, 2006, contained a request for the sequestration of the immovable property and for the rents to be deposited into the registry of the Court. An order issuing the writ of sequestration was signed by the trial court on July 5, 2006 and the rental payments were deposited into the registry of the court after that date. Upon the granting of the exception of prescription, the trial court dismissed all claims brought in the July 5, 2006 petition in case number 633-030. The order issuing the writ of sequestration was based upon the petition in that case. When the trial court granted the exception and dismissed the claims, the trial court found there were no longer grounds for the writ of sequestration.
We find the trial court correctly dissolved the writ of sequestration. By this opinion, we affirm the finding of the trial court that plaintiffs’ claims in case number 633-030 are prescribed and are dismissed. Thus, there are no longer grounds for the writ of sequestration of the property at issue.
Accordingly, we affirm the trial court’s judgment granting defendants’ exception of prescription and dismissing plaintiffs’ claims seeking rescission of the sale of the property in case numbers 605-676 and 633-030.
AFFIRMED
CHEHARDY, J., dissents with reasons.