ROBERT M. MURPHY, Judge.
12Plaintiff-appellant, Geraldine Richards, appeals the trial court’s judgment sustaining defendant-appellee, TAMS of Kenner, Inc.’s exception of prescription, dismissing *251 Richards’ petition -with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 11, 2012, Richards filed a petition for damages in the Twenty-Fourth Judicial District Court against Choice Hotels International, Inc. d/b/a Sleep Inn New Orleans Airport (“Choice Hotels”) to recover for injuries she allegedly sustained on May 13, 2011, when she fell in a shower while staying at the Sleep Inn in Kenner, Louisiana. In her petition, Richards alleged that Choice Hotels owned, operated and managed the Sleep Inn at the time of her injury. On June 18, 2012, Richards amended her petition to allege that defendant-appellee, TAMS of Kenner, Inc. (“TAMS”), also owned the Sleep Inn, and that TAMS was jointly, severally and soli-darily liable for her claimed injuries.
|aOn that same day, Choice Hotels filed a Notice of Removal in the United States Eastern District Court of Louisiana. On July 17, 2012, Choice Hotels filed a Rule 12(b)(6) motion to dismiss Richards’ claims against it based upon the affidavit of Choice Hotels’ senior counsel, attesting that Choice Hotels is merely the franchisor of the Sleep Inn and that Alnoor Gillani, President of TAMS, is the franchisee. See F.R.C.P. 12(b)(6). Therefore, Choice Hotels alleged that it never owned the Sleep Inn, or exercised any control over the maintenance or operation of the Sleep Inn. However, before ruling on Choice Hotels’ motion to dismiss, the federal district court remanded the case to state court for lack of subject matter jurisdiction after Richards stipulated that her damages were less than the $75,000 jurisdictional amount required for federal diversity jurisdiction.
After the case was remanded to the Twenty-Fourth Judicial District Court, Choice Hotels filed a motion for summary judgment based upon the same grounds asserted in its previously-filed Rule 12(b)(6) motion to dismiss. On November 28, 2012, the trial court granted Choice Hotels’ motion for summary judgment, through a consent judgment, finding that Choice Hotels’ motion was well-founded and dismissing Richards’ claims against Choice Hotels with prejudice.
On March 21, 2013, TAMS filed an exception of prescription, alleging that Richards’ claims against TAMS were prescribed because she filed her amended petition naming TAMS as a defendant on June 18, 2012, which was more than one year after the date of her alleged injury on May 13, 2011. TAMS further alleged that Richards’ timely filed petition against Choice Hotels was not sufficient to interrupt prescription as to TAMS under a theory of solidary liability. Specifically, TAMS alleged there was no solidary liability between TAMS and Choice Hotels because Choice Hotels was found to have no liability for Richards’ injuries on summary judgment and accordingly was dismissed from the case.
RRichards filed an opposition to TAMS’ exception, alleging that contra non valen-tum applied to suspend the running of prescription as to her claims against TAMS. Specifically, Richards alleged that Choice Hotels and TAMS concealed the identity of TAMS as the true owner of the Sleep Inn based upon documents given to her at the hotel, which provided the phrase, “By Choice Hotels” under the Sleep Inn logo. Alternatively, Richards argued that the exception should be denied because Choice Hotels and TAMS were solidary obligors, despite the fact that Choice Hotels did not own or operate the Sleep Inn, because Choice Hotels held itself out to be the owner.
On June 13, 2013, the court held a hearing on TAMS’ exception, and granted the *252 exception on that same day. The trial court signed a written judgment on June 27, 2013, sustaining TAMS’ exception of prescription. Richards now appeals.
LAW AND DISCUSSION
In her sole assignment of error, Richards contends that the trial court erred in sustaining TAMS’ exception of prescription because the court should have applied the doctrine of contra non valentum to interrupt the running of prescription as to Richards’ claims against TAMS. Alternatively, Richards argues that the trial court erred in its ruling because Choice Hotels and TAMS are solidary obligors, and therefore, prescription was suspended as to her claims against TAMS.
In reviewing an exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. In re Brennan’s House of Printing, Inc., 10-428 (La.App. 5 Cir. 4/26/11), 65 So.3d 165, 168, writ denied, 11-1422 (La.9/30/11), 71 So.3d 290. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception of prescription. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d |,1261, 1267. However, it is well settled that when the petition itself evidences the fact that the action is prescribed on its face, the plaintiff bears the burden of showing why prescription has not run. Id.
Under La. C.C. art. 3492, delictual actions prescribe within one year of the day of injury. In this case, there is no dispute that Richards filed her petition asserting tort claims against TAMS more than one year after the day of her injury, in violation of the one year prescriptive period under La. C.C. art. 3492. Accordingly, Richards has urged that the doctrine of contra non valentum applies to interrupt prescription against TAMS in this case.
The doctrine of contra non va-lentum was created as an exception to the general rules of prescription. Watters v. Dep’t of Soc. Servs., 11-1174 (La.App. 4 Cir. 3/14/12), 102 So.3d 118, 131, writ denied, 12-1146 (La.9/14/12), 99 So.3d 32. There are four situations in which the doctrine of contra non valentum can be applied to suspend the running of prescription:
(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiffs action;
(2) where there was some condition coupled with contract or connected with proceedings which prevented creditor from suing or acting;
(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his ignorance is not induced by defendant.
Standard Fire Ins. Co. v. Safeguard Storage Properties, L.L.C., 04-794 (La.App. 5 Cir. 1/25/05), 894 So.2d 502, 507-08. However, contra non valentum only applies in “exceptional circumstances,” and must be strictly construed. Id. In fact, when the Louisiana Supreme Court first officially recognized the fourth situation where contra non valentum applies, the Court specifically clarified that “[t]his principle | fiwill not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.” Renfroe v. State ex rel. Dep’t of Transp. & Dev., 01-1646 (La.2/26/02), 809 So.2d 947, 953-54 (citing Corsey v. State of Louisiana, Through the *253 Department of Corrections, 375 So.2d 1319, 1322 (La.1979)); Standard Fire Ins. Co., 894 So.2d at 508.
In Standard Fire Ins. Co. v. Safeguard Storage Properties, L.L.C., supra, the plaintiff argued that contra non valentum applied to interrupt the prescriptive period against an untimely sued defendant, Safeguard Fifteen LLC. The plaintiff alleged that it failed to timely sue the true owner of the storage facility subject to the action, Safeguard Fifteen, because Safeguard Fifteen sent a letter to the plaintiff on the letterhead of a different company, Safeguard Storage. On appeal, this Court held that even if a letter written on a different letterhead than that of the actual owner could be construed as misleading, “reliance on misinformation, standing alone, does not satisfy the reasonable diligence requirement.” Standard Fire Ins. Co., supra at 508 (citing Drake v. Sarpy Properties, Inc., 01-1323 (La.App. 5 Cir. 4/10/02), 817 So.2d 209, 213, writ denied, 02-1339 (La.9/13/02), 824 So.2d 1170). Because the plaintiff failed to show that it exercised reasonable diligence in ascertaining the identity of the owner of the property, this Court affirmed the trial court’s grant of Safeguard Fifteen’s exception of prescription, finding that contra non valentum was not applicable.
Here, we find that Richards has not shown that she exercised reasonable diligence in ascertaining the identity of TAMS as the owner of the Sleep Inn. She claims that TAMS concealed its identity as the owner of the hotel based upon documents provided to her at the hotel, which contained, “By Choice Hotels” under the Sleep Inn logo, and failed to mention TAMS as the owner. As in^Standard Fire Ins. Co., we find that even if the documents provided to Richards could be construed as misleading, reliance on misinformation alone does not satisfy the reasonable diligence requirement of contra non valentum. Contra non valentum does not apply where a plaintiffs ignorance is attributable to her own willfulness or neglect. Our review of the record shows that Richards waited until a matter of days before the expiration of the one year prescriptive period before contacting an attorney to file suit for injuries that she allegedly sustained almost one year prior. Furthermore, TAMS has shown that its identity as the owner of the Sleep Inn was readily available through multiple sources, including a simple public records search. Because a plaintiff will be deemed to know that which she could have learned from reasonable diligence, we find that the trial court did not err in granting TAMS’ exception of prescription and refusing to apply the doctrine of contra non valentum.
 We further find no merit to Richards’ contention that her claims against TAMS are not prescribed because Choice Hotels and TAMS are solidary obligors. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist. Renfroe v. State ex rel. Dep’t of Transp. & Dev., 01-1646 (La.2/26/02), 809 So.2d 947, 950. Because the timely sued defendant in this case, Choice Hotels, was dismissed from the action on summary judgment, prescription against TAMS is not interrupted and Richards’ claims against TAMS have prescribed. Therefore, we find this claim to be without merit.
[^CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining TAMS’ excep *254 tion of prescription is affirmed. Each party is to bear her/its own costs for this appeal.

AFFIRMED.